UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-mj-8240-RMM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

EDUARDO GOMEZ-GOMEZ,

Defendant.
_____/

FILED BY_____MEE_____D.C.

Mar 31, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WEST PALM BEAC

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

Yes        X **No**

2.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

Yes        X **No**

3.    Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

Yes        X **No**

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY:

JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  26-mj-8240-RMM |
| EDUARDO GOMEZ-GOMEZ, | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

FILED BY ___MEE___ D.C.

**Mar 31, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WEST PALM BEAC

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____03/28/2026_____ in the county of _____Palm Beach_____ in the
_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Reentry After Deportation |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Richard Soto valentin*
_____
*Complainant's signature*

Richard Soto Valentin, U.S. Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __3/31/26__

_____
*Judge's signature*

City and state: _____West Palm Beach, Florida_____      Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 26-mj-8240-RMM

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1.    I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in this position for nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers.  This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that, Eduardo GOMEZ-GOMEZ (hereinafter "defendant GOMEZ-GOMEZ"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326 (a).

3.      On March 28, 2026, at approximately 2:13 a.m., while conducting assigned roving patrol duties in Jupiter, Florida, Border Patrol Agent (BPA) Ediberto Rodriguez assisted Jupiter Police Department Officers after they conducted a traffic stop on a male subject (later identified as defendant GOMEZ-GOMEZ) in the vicinity of 506 North Hepburn Avenue, Jupiter, Palm Beach County, Southern District of Florida, after GOMEZ-GOMEZ was observed riding a bicycle without the required lights during nighttime hours in violation of state law. After Jupiter Police Officers interviewed the subject and gave him a verbal warning for the traffic violation, BPA Rodriguez identified himself as a Border Patrol Agent to defendant GOMEZ-GOMEZ and conducted an immigration inspection. BPA Rodriguez determined that defendant GOMEZ-GOMEZ was illegally present in the United States without any documents that would allow him to be or remain in the United States legally. BPA Rodriguez placed defendant GOMEZ-GOMEZ under arrest and transported him to the West Palm Beach Border Patrol Station for further investigation and processing.

4.      At the station, defendant GOMEZ-GOMEZ's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of

Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

5.      The query on GOMEZ-GOMEZ's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A******931, and FBI****** D57. Review of defendant GOMEZ-GOMEZ's United States Department of Homeland Security's (DHS) immigration records (commonly referred to as an "A-File") establish that the defendant GOMEZ-GOMEZ is a citizen of Guatemala.

6.      Said A-File materials further establish that on January 22, 2018, Border Patrol Agents from Rio Grande Valley, Texas encountered and arrested GOMEZ-GOMEZ for being illegally present in the U.S. GOMEZ-GOMEZ was processed as Expedited Removal. On January 30, 2018, GOMEZ-GOMEZ was removed from Valley International airport in Texas to his native country, Guatemala.

7.      On March 21, 2018, Border Patrol Agents from Rio Grande Valley, Texas again encountered and arrested defendant GOMEZ-GOMEZ for being illegally present in the United States. Defendant GOMEZ-GOMEZ had his prior order of removal reinstated by a designated official, and on April 05, 2018, GOMEZ-GOMEZ was removed from Valley International airport in Texas to his native country, Guatemala.

8.      Thereafter, on January 08, 2019, Border Patrol Agents from Naco, Arizona encountered and arrested defendant GOMEZ-GOMEZ for being illegally present in the United States. Defendant GOMEZ-GOMEZ had his prior order of removal reinstated by a designated official. On February 26, 2019, defendant GOMEZ-GOMEZ was removed from Phoenix, Arizona to his native country, Guatemala.

3

9.      A diligent record check of the DHS Computer Linked Application Informational Management System (CLAIMS) database failed to locate any evidence indicating that defendant GOMEZ-GOMEZ had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

10.     Based on the foregoing, I submit that probable cause to believe exists that, on or about March 28, 2026, Eduardo GOMEZ-GOMEZ, an alien who has previously been deported and removed from the United States on three (3) separate prior occasions, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*Richard Soto valentin*
_____
Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

SWORN AND ATTESTED TO ME
TELEPHONICALLY (VIA FACETIME)
BY THE APPLICANT IN ACCORDANCE
WITH THE REQUIREMENTS OF
FED. R. CRIM. P. 4(d) AND 4.1 THIS
_____31_____ DAY OF MARCH, 2026.

_____
HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  Eduardo GOMEZ-GOMEZ

**Case No:**        26-mj-8240-RMM

**Count # 1**
**Reentry After Deportation**
**Title 8, United States Code, Section 1326(a)**

* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 1 year
* **Max. Fine:**  $250,000.00
* **Special Assessment:** $100.00
* **Immigration Consequences of removal (deportation) if convicted**